DANIEL E. SICKLES, Respondent, v. JOHN C. SHAW, Appellant.

APPEAL from a judgment entered upon verdict, and order deny-
ing motion to set the same aside, and for a new trial.

John C. Shaw, appellant, in person.

Hays & Hershfield (Daniel P. Hays, of counsel), for
respondent.

HASCALL, J.   Defendant was plaintiff's tenant under written
lease, the rent being "payable in equal monthly payments of
$116.66 each on the first day of every month during said term."
The agreement was for a term of ten months and twenty-four
days, commencing November 6, 1899, to end September 30, 1900;
so it appears that the first payment was due December 1, 1899,
and those subsequent thereto on the first day of each succeeding
month.   In the absence of provision for rent in advance it be-
came payable at the close of each month.   The plaintiff claims
to recover for the monthly installments becoming due August 1
and September 1, 1900, while the answer, denying that defend-
ant failed to pay the rent from the first day, and that there is
due the rent from the first day of August, demands that the
complaint, as regards that item, be dismissed.

The only witness testifying at the trial, the plaintiff himself,
said, "I haven't here any memorandum as to the amounts paid
by Mr. Shaw during the term of this lease.   My bookkeeper
has it.   *   *   *   I cannot say how many payments were paid.
I cannot state as to what the payment made on July 31st is
for.   I don't know what that payment was for.   I presume it
was for rent, etc.   I know he left owing two months rent.   This
is all I can recall now.   But my books will show.   I haven't got
them here.   I was not asked to bring them."

Under full and proper proof, it is possible that plaintiff might
recover all that he has demanded, but the testimony adduced
did not sustain the complaint.   The court was right in proceed-
ing with the trial, as no good reasons, required by the rule, was
shown for postponement; but we think the grounds upon which
the judgment stands are insufficient to maintain it in its entirety.

The judgment and order appealed from should be modified by
reducing the amount of recovery by the sum of $116.66, besides

the costs and disbursements of this appeal, which must be allowed to the appellant, and, as so modified, affirmed.

O'DWYER, J. (dissenting). I cannot agree with Justice Hascall. The action was commenced July 17, 1901, over nine months after the term created by the lease had expired, and the evidence abundantly shows, that the defendant was owing two months' rent when the term expired. There is no doubt about that fact, and, although the complaint may incorrectly state the exact due date of the month's rent, that mistake does not present reversible error; on the other hand, justice requires that the pleading be amended to conform to the proof, and the judgment and order appealed from affirmed, with costs.

Reargument ordered.